Filed 12/15/14  In re Jasmine A. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re JASMINE A. et al., Persons Coming Under the Juvenile Court Law. | B256543 (Los Angeles County Super. Ct. No. CK65891) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. ROSEMARIE D. et al., Defendants and Appellants. | ORDER MODIFYING OPINION [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on December 3, 2014, be modified as follows:

1.  On page 2, the fourth sentence of first full paragraph, "Our independent review of the record reveals no arguable issues" is deleted.

2.  On page 2, the last sentence of the first full paragraph, the word "Accordingly" is deleted and should read, "We dismiss the appeal."

3. On page 6, the last full paragraph, beginning "We have independently reviewed" is deleted.

There is no change in the judgment.

NOT TO BE PUBLISHED.

_____
ROTHSCHILD, P .J.        JOHNSON, J.        MILLER, J.[1]

---

[1] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re JASMINE A. et al., Persons Coming Under the Juvenile Court Law. | B256543 (Los Angeles County Super. Ct. No. CK65891) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>ROSEMARIE D. et al.,<br><br>        Defendants and Appellants. | |

        APPEAL from an order of the Superior Court of Los Angeles County, Amy M. Pellman, Judge.  Dismissed.

        Darlene Azevedo Kelly, under appointment by the Court of Appeal, for Defendant and Appellant Rosemarie D.

        Jesse McGowan, under appointment by the Court of Appeal, for Defendant and Appellant Gilbert A.

        No appearance for Plaintiff and Respondent.

Rosemarie D. (Mother) and Gilbert A. (Father) appeal from the dependency court's jurisdictional and dispositional order removing their four children, aged six through 10, from their care. We appointed counsel for Mother and Father, and counsel filed separate opening briefs on behalf of both parents informing this court that counsel were unable to find any arguable issues, and requesting that we exercise our discretion to permit Mother and Father personally to submit supplemental briefs. Neither parent has filed a supplemental brief. Our independent review of the record reveals no arguable issues. Accordingly, we dismiss the appeal.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 12, 2014, Department of Children and Family Services (DCFS) obtained a removal order for Mother and Father's children, the minors Jasmine A. (age 10), Gilbert A., Jr., (age 8), Clara A. (age 7) and Faith A. (age 6) based upon risk of serious physical and emotional harm to the children.

On March 18, 2014, DCFS filed a petition under Welfare and Institutions Code[1] section 300, subdivisions (a), (b), and (j) as to all four minors, alleging that Father physically abused Jasmine by striking the child on the thigh with a belt. The petition further alleged both parents had a history of engaging in violent altercations by striking each other in the presence of the children.

The children were detained and placed in four different foster homes.

The report prepared for the March 17, 2014 detention hearing stated that on January 17, 2014, police had been called to the family's home due to a domestic violence incident. Mother reported that Father had hit her in the face with his fist several times, and threw a piece of the vacuum cleaner at her. Police observed blood coming from Mother's nose and scratches on her arm. DCFS received a referral on February 19, 2014, based on a report of abuse by Father.

---

[1] All further statutory references are to Welfare and Institutions Code unless otherwise indicated.

The detention report noted that Mother had failed to attend an individualized education program meeting for Jasmine at Jasmine's elementary school on February 19, 2014. The next day, DCFS spoke with Mother, who denied the abuse. Jasmine who had frequent absences from school, told the school psychologist that Father hit her with a belt. At a February 25, 2014 interview with the social worker, Jasmine admitted that Father hit her with a belt and had hit her the day before. Jasmine regularly saw Mother and Father hit each other and swear at each other. At a February 26, 2014 interview, Mother told the social worker that she kept the children out of school due to illnesses and had letters from the doctor verifying their illnesses. Mother denied substance abuse, bipolar diagnosis, or use of medication for bipolar illness. Mother appeared disheveled, and unkempt, and denied any domestic violence issues.

Father told the social worker he understood the allegations against him, but denied any physical abuse and stated that Jasmine had lied. Father was not working due to a hernia. Father did not remember the January 17, 2014 incident. Father claimed to be drug free but refused to take an on-demand test.

The children denied any problems in the home.

The social worker interviewed Mother and Father's neighbors, who told the social worker they were concerned about the children because of Mother and Father's arguments and Mother's use of profanity towards the children. The neighbors reported that the four children have come to them seeking help due to the abuse in the home. The neighbors observed that the children miss school or go to school late. Further, neighbors witnessed the January domestic violence incident, and one neighbor saw Mother, who was holding a knife, chase Father down the street. The children also witnessed the incident.

The children had previously been the subject of dependency proceedings in 2010 through 2011 based on allegations of neglect (failure to pick Gilbert Jr. up at school), an unsanitary home, Mother's mental health issues and her failure to take psychotropic medication, and Father's used of controlled substances. The prior dependency

3

proceedings were terminated in January 2013. Further, the family had been the subject of 22 referrals consisting of neglect and physical and emotional abuse. Mother had two older children, Faith and Alejandro, with whom she had failed to reunify. The two older children had been placed in a permanent plan with a relative.

At the March 19, 2014 detention hearing, Mother obtained a restraining order against Father. The court declared the minors a sibling set and ordered DCFS to make best efforts to place them together.

The jurisdictional report prepared for the May 14, 2014 hearing stated that Clara and Faith were in the same foster home, while Gilbert Jr. resided in another. Jasmine was in a group home and receiving psychotropic medication. Jasmine denied that Father hit her. Mother admitted to the social worker that Father hit her on the face causing her nose to bleed and that he did so in front of the children. On May 14, 2014, Mother and Father waived their rights and pleaded no contest to the allegations of the petition.

At the May 14, 2014 adjudication hearing, the parties stipulated that Jasmine would testify that Father never hit her with a belt. The court dismissed the counts under section 300, subdivisions (a) and (j) and sustained the two counts under section 300, subdivision (b) as amended to allege inappropriate discipline.

Mother testified at the dispositional phase of the hearing that she had enrolled in a domestic violence support group on April 10, 2014 and had learned she needed a safety plan whereby she would remove herself from violent situations, take the children to a neighbor's house, call police, and avoid fights with Father. Mother was also obtaining individual counseling and had attended five sessions, where she was learning how to minimize stress and recurrence of domestic violence. In parenting classes, Mother was learning how to discipline her children appropriately, and learning how to care for Jasmine's special needs, which included medication and therapy. Mother also had moved to a three-bedroom apartment. Mother informed the court she would ensure that the children attended school and their medical and dental appointments.

4

Mother denied any physical altercation with Father on January 17, 2014, but admitted that she was battered and Father left the scene before police arrived. She did not obtain a restraining order at that time, but obtained one on March 19, 2014.

Mother requested return of the children to her or, in the alternative, monitored visitation. The court observed that Mother was "at the very, very, very beginning of her programs. She does not have a clear understanding or at least an []articulable understanding of what domestic violence really is and what a safety plan might be. [Mother] has been and around these courts for many, many, many years." Further, the court noted that Jasmine exhibited signs of posttraumatic stress based on her exposure to domestic violence and removal from the home on prior occasions. Lastly, the court found Mother was not entirely truthful regarding the extent of problems within the home.

The court ordered the children remain dependents of the court, ordered Mother to take parenting classes, including parenting a special needs child, individual counseling, and a domestic violence support group. The court ordered Father to take a 52-week domestic violence class for perpetrators, a class on parenting a special needs child, and individual counseling. Mother was given three times a week monitored visitation and the children were ordered to have sibling visitation at least once weekly. Father was granted twice weekly monitored visitation. The court ordered DCFS to make efforts place the children together, noting that Jasmine was in a group home, and the court expressed concern that Jasmine was being medicated without appropriate follow-up.

We appointed appellate counsel to represent Mother and Father. On August 21, 2014, Mother's counsel filed an opening brief, pursuant to *In re Phoenix H.* (2009) 47 Cal.4th 835 and *In re Sade C*. (1996) 13 Cal.4th 952, informing us that she had found no arguable issues, and requesting us to exercise our discretion to permit Mother to submit her own brief. On August 22, 2014, we notified Mother that she had 30 days with which to submit a letter or brief stating any contentions or arguments she wished us to consider. On August 22, 2014, Father's counsel filed an opening brief, pursuant to *In re Phoenix H.* and *In re Sade C*., informing us that he had found no arguable issues, and requesting us to

5

exercise our discretion to permit Father to submit her own brief.  On August 26, 2014, we notified Father that he had 30 days with which to submit a letter or brief stating any contentions or arguments he wished us to consider.  Neither parent filed a response.

We have independently reviewed the record.  Our review has confirmed what Mother and Father's counsel determined, i.e., nothing in the record indicates that an arguable issue exists for our consideration.

## DISPOSITION

The appeals are dismissed.

NOT TO BE PUBLISHED.

JOHNSON, J.

We concur:

ROTHSCHILD, P. J.

MILLER, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.